**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILL ABERCROMBIE, JR.,
<u>Plaintiff-Appellant,</u>

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,
<u>Defendant-Appellee.</u>

No. 98-1701

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-97-2557-Y)

Submitted: December 8, 1998

Decided: January 12, 1999

Before ERVIN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Will Abercrombie, Jr., Edgewood, Maryland, for Appellant. Patricia
McHugh Lambert, HODES, ULMAN, PESSIN & KATZ, P.A., Tow-
son, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant, Will Abercrombie, Jr., appeals the district court order granting the Defendant's motion for summary judgment in his Maryland state law action for fraud and negligent misrepresentation. On appeal, Abercrombie argues that the district court erred in finding that he failed to create a genuine issue of fact regarding whether the events giving rise to his action were under the speakers' exclusive control. He also contends that the court erred in finding that he failed to create a genuine issue of fact regarding whether his supervisors had reason to know and negligently failed to inform him of an upcoming policy decision. Finding no error, we affirm.

Abercrombie worked for Defendant Nationwide Mutual Insurance Company as a trial attorney from 1979 until his termination in April 1997, with one brief hiatus. It is undisputed that Abercrombie was an at-will employee. The dispute concerns a change in Nationwide's policy regarding outside practice of law by its trial attorneys. During all relevant periods, Abercrombie had an outside practice of law. Prior to 1989, each regional Nationwide office determined the outside practice policies for its attorneys. Abercrombie's office, the Maryland office, permitted its attorneys to engage in an outside practice.

In 1989, Nationwide re-organized its trial attorney offices and announced their organization into the Nationwide Trial Division. Supervision of the trial attorneys was by the national corporate headquarters in Columbus, Ohio. In 1990, Nationwide announced a policy prohibiting outside private practice by its attorneys, but permitted attorneys to submit requests for an exemption to the policy. Abercrombie applied for and received an exemption from the policy, which is what he refers to as his grandfather status. While Abercrombie does not have a document evidencing his status, he stated in his deposition that his status was communicated to him by Terry Fontane and John Flynn, two of Abercrombie's supervisors.

Nationwide changed its policy regarding outside private practice in 1995 to prohibit all outside practice by its attorneys, including those attorneys who received exemptions from the prior policy. John Jones,

2

vice-president of the Trial Division, sent Abercrombie a letter on September 4, 1996, stating that Abercrombie's exemption status was being unilaterally rescinded by Nationwide, and that all outside practice must be concluded by December 31, 1997. Abercrombie complained of the new policy to Nationwide and received no relief. On November 4, 1996, Abercrombie informed Nationwide that he intended to resign effective December 31, 1997. Abercrombie then failed to comply with new Trial Division guidelines regarding time-keeping, record-keeping, and file documentation. Abercrombie's supervisors made several memoranda documenting Abercrombie's failure to comply with new requirements, particularly time-keeping and file documentation. Abercrombie stated that because he was leaving Nationwide's employment, he did not intend to follow the new guidelines. Nationwide terminated his employment on April 10, 1997.

We review summary judgment orders de novo. See Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc). Under Maryland law, a fraud or negligent misrepresentation claim must be based upon a false statement concerning a present or past event. See Weisman v. Connors, 540 A.2d 783, 796 (Md. 1988). A statement concerning future events, such as Nationwide's statements to Abercrombie regarding his ability to continue his private practice of law, may support a claim for fraud or negligent misrepresentation if it relates to matters within the speaker's exclusive control and is not related to an expectation or prediction of future events. See Gross v. Sussex, Inc., 630 A.2d 1156, 1169 (Md. 1993).

It is clear from the record that Fontane and Flynn's statements about Abercrombie's grandfather status were not false when made because all parties agree that Abercrombie received the exemption and he continued his private practice. In order for Fontane and Flynn's statements regarding the grandfather status to be actionable, Fontane and Flynn must have had exclusive control over the future outside practice policy. Abercrombie recognized that final policy decisions were made by the national officers of the Trial Division. Abercrombie's grandfather status was revoked not by Fontane and Flynn, but by John Jones, a vice-president of the Trial Division. It is undisputed that Fontane and Flynn did not have exclusive control over the continuation of Abercrombie's grandfather status. Therefore, the statements are not actionable.

3

Abercrombie's remaining issue that the district court erred in finding that Fontane and Flynn did not know or negligently failed to inform him that the private practice policy would be changed in the future is without merit. Abercrombie stated in his deposition that neither he nor Fontane and Flynn had any knowledge that his grandfather status would be revoked. In his motion for reconsideration, Abercrombie pointed to the note of a management official on July 9, 1990, that discusses options regarding the private practice policy. The informal note on a meeting reflects nothing more than the possibility that the private practice policy may again be changed. This is the only indication in the record that the private practice policy may be changed at the time of Abercrombie receiving grandfather status. It does not support Abercrombie's contention that Fontane and Flynn knew about an upcoming change and negligently failed to inform him of the change.

We therefore affirm the order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4